Chenoweth Law Group, PC
Aurelia Erickson, OSB #126170
aerickson@chenowethlaw.com
Kelsey Peddie, OSB #184245
kpeddie@chenowethlaw.com
510 SW Fifth Ave., Fourth Floor
Portland, Oregon 97204
Telephone: (503) 221-7958
Fax: (503) 221-2182
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HONGJIANG LI, SHOUWEN FU, CHEN LI, AND JIYOU CAO, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>GLOBAL TRADE ENTERPRISES, INC. d/b/a DUCK HOUSE CHINESE RESTAURANT, HAIDONG LIU A/K/A "JOHN" LIU, SAM "DOE", DAVID "DOE", AND SAMMY WOO,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT**<br>**(Collective Action)**<br>Wage and Hour Violations (28 U.S.C. §1331)<br><br><br><br>**Jury Trial Requested** |

  1.  Plaintiffs Hongjiang Li, Shouwen Fu, Chen Li, and Jiyou Cao (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, fils this Collective Action Complaint against Defendants GLOBAL TRADE ENTERPRISES, INC. d/b/a DUCK HOUSE CHINESE RESTAURANT("Duck House"), HAIDONG LIU A/K/A "JOHN" LIU, SAM "DOE", DAVID "DOE", AND SAMMY WOO (collectively "Defendants"), and alleges the following upon personal knowledge as to their

own acts, and upon information and belief as to all other matters:

<u>NATURE OF ACTION</u>

2.      This action is brought by Plaintiffs, on behalf of themselves as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and of Oregon Wage and Hour Laws, Or. Rev. Stat. § 652.140, § 652.610, et seq., and § 653.010, *et seq*. Plaintiffs further asserts claims under Oregon common law for unjust enrichment and seeks Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Or. Rev. Stat § 28.010.

3.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and Oregon Wage and Hour Laws by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein, compensation for all hours worked, and overtime compensation for all hours worked over forty (40) each workweek and spread of hours, as well as failing to pay Plaintiffs unpaid wages, Plaintiffs unpaid wages upon termination, issuing Plaintiffs bounced checks, and providing Plaintiffs itemized statement of amounts at the time wages were paid.

4.      Plaintiffs allege pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs;

5.      Plaintiffs further allege pursuant to Oregon Wage and Hour Laws that they are entitled to recover from the Defendants: (1) unpaid minimum wages (2) unpaid overtime compensation, (3) unpaid wages. (4) compensation for failure to pay wages upon termination, (5) compensation for failure to provide itemized statement of amounts, and (6) compensation for issuing bounced checks. (7) liquidated damages equal to the sum of unpaid overtime; (8) prejudgment and post-judgment interest; and (9) attorneys' fees and costs.

Page 2 – **COMPLAINT**

## JURISDICTION AND VENUE

6.      The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

7.      Oregon Wage and Hour Laws similarly authorize actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiffs' Oregon Wage and Hour Laws claims is based on 28 U.S.C. § 1367. The state law claims raised in this complaint are so related to the federal claims that they form part of the same case and controversy.

8.      Venue in this District is proper under 28 U.S.C. § 1391 because Defendants employed Plaintiffs in this District, Defendants operate Duck House and Global Trade in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

## PLAINTIFFS

9.      Plaintiff Hongjiang Li (hereinafter "Plaintiff Li") is an individual residing in State of New York and was formerly employed by Duck House and Global Trade.

10.     Plaintiff Shouwen Fu (hereinafter "Plaintiff Fu") is an individual residing in State of California and was formerly employed by Duck House and Global Trade.

11.     Plaintiff Chen Li (hereinafter "Plaintiff Chen Li") is an individual residing in State of Oregon and was formerly employed by Duck House and Global Trade.

12.     Plaintiff Jiyou Cao (hereinafter "Plaintiff Cao") is an individual residing in State of Oregon and was formerly employed by Duck House and Global Trade.

## DEFENDANTS

*Corporate Defendant*

13.     Defendants GLOBAL TRADE ENTERPRISES, INC. d.b.a.  Duck House Chinese Restaurant ("Duck House") is incorporated under the laws of Oregon and has its

principal place of business at 1968 SW 5th Ave., Portland, OR 97201.

14.    Upon information and belief, Duck House Chinese Restaurant is the assumed business name of GLOBAL TRADE ENTERPRISES, INC.

15.    Upon information and belief, Duck House is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year during all relevant times to this matter.

16.    Upon information and belief, Duck House has more than 40 employees.

17.    Upon information and belief, Duck House purchased and handled goods moved in interstate commerce.

18.    At all times relevant times, Duck House was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/Operator Defendants*

19.    Upon information and belief, Defendant Haidong Liu a/k/a "John" Liu is/or all relevant times were a founder, officer, director, president, principle, vice president, and/or owner of Defendant Duck House and Global Trade.

20.    Upon information and belief, Defendant Haidong Liu determined the wages and compensation of the employees of Defendants, including Plaintiffs, approved work schedules and workload of the employees, maintained employee records, and had the authority to hire and fire employees. Defendant Haidong Liu also participated in the day-to-day operations of the Corporate Defendants.

21.    Upon information and belief, Defendant Sam Doe is/or all relevant times was the manager of Defendant Duck House.

22.    Defendant Sam Doe had the authority to hire employees for Duck House.

23.    Upon information and belief, Sam Doe hired Plaintiff Jiyou Cao.

24.    Upon information and belief, Defendant Sam Doe and Defendant Haidong Liu would consult with each other and reach an agreement to determine the wages and compensation

of the employees of Defendants, including Plaintiffs. Sam Doe determined Plaintiff Hongjiang Li's bonus amount. Defendant Sam Doe also participated in the day-to-day operations of the Corporate Defendants.

25.    Upon information and belief, Defendant David Doe is/or all relevant times were the manager of Defendant Duck House. Defendant David Doe participated in the day-to-day operations of the Corporate Defendants.

26.    Upon information and belief, Defendants Haidong Liu, Sam Doe, and David Doe would hold meeting in the restaurant every week.

27.    Upon information and belief, Defendant Sammy Woo is/or all relevant times were the registered agent of Defendant Global Trade and authorized representative of Defendant Duck House.

28.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FACTUAL ALLEGATIONS

29.    Defendants committed the following alleged acts knowingly, intentionally, and willfully.

30.    Defendants knew that the nonpayment of minimum wage, overtime compensation, failure to timely pay Plaintiffs, failure to pay unpaid wages upon termination, wrongfully deducted Plaintiffs' wages, issued Plaintiff Hongjiang Li a bounced check, would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

*Plaintiff Hongjiang Li*

31.    Upon information and belief, Defendant Haidong Liu hired Plaintiff Li. Defendant Haidong Liu determined his salary, and Defendant Sam Doe determined his bonus amount.

32.    From approximately May 2018 to approximately September 30, 2019, Plaintiff Li was employed as a dim sum and pastry chef at Duck House located at 1968 SW 5th Ave.,

Portland, OR 97201. Plaintiff Li's job duties includes not only making dim sum and pastry but also making all flour-related dishes, such as but not limited to steamed buns, noodles, dumplings, as well as the filings for steamed bao buns. Plaintiff Li is also responsible for making the flour dough, preparing and cooking the filings, making bao buns, and cleanings.

33.     Upon information and belief, while employed by the Defendants, Defendant Haidong Liu asked Plaintiff Li to help with human resources matters in Los Angeles, California. However, Plaintiff Li have no hiring power, only Defendant Haidong Liu had the power to decide whether to hire/fire the employees.

34.     While employed by Defendants, Plaintiff Li was not exempted under the federal and state laws requiring employers to pay employees' overtime.

35.     From approximately May 2018 to approximately September 30, 2019, Plaintiff Li worked six days per week with Tuesday off.

36.     Upon information and belief, all employees of Duck House were living in the dormitory provided by the employer for free. Plaintiff Li would take the bus provided by Duck House, along with other employees, to restaurant at 9:00 am. They would arrive at the restaurant at 9:30 am and start working. Plaintiff Li would take the bus with other employees to go back to the dormitory at about 10:00 pm.

37.     Defendants did not provide Plaintiff Li with uninterrupted lunch break. Plaintiff Li was assigned to perform cleanings about once a week, at which he left the work at about 10:40 pm to 10:50 pm.

38.     Plaintiff Li was paid bi-weekly, in cash and checks. From approximately May 2018 to August 2018, Plaintiff Li's base salary was $3,000 per month. From approximately September 2018 to September 30, 2019, Plaintiff Lis' base salary was $3,500 per month.

39.     Upon hiring, Defendants promised to pay Plaintiff Li a bonus of 5% of sale of the dim sum/pastry department, in addition to Plaintiff Li's base salary.

40.     Upon information and belief, Defendants paid Plaintiff Li bonus three times

Page 6 – **COMPLAINT**

during Plaintiff Li's employment with the Defendants. In May 2018, Plaintiff Li was paid $2,800 by check. In November 2018, Plaintiff Li was paid $3,000 by check. In August 2019, Plaintiff Li was issued a $3,321 check. However, Plaintiff Li could not successfully cash the last check because Defendant Haidong Liu asked the receptionist of the restaurant to call the Bank of America to cancel the check.

41.    Defendants did not provide Plaintiff Li with an itemized statement of amount detailing the salary information when paying Plaintiff Li.

42.    Plaintiff Li was not required to punch timecards or otherwise to track his work hours.

***Plaintiff Shouwen Fu***

43.    Plaintiff Fu started working at Defendants' restaurant located at 1968 SW 5th Ave., Portland, OR 97201 from July 1, 2018. After about 20 days, she was fired by Defendant Haidong Liu for no reason.

44.    Upon information and belief, when Plaintiff Fu was hired, Plaintiff Hongjiang Li was on the phone with Haidong Liu, who authorized Plaintiff Hongjiang Li to tell Plaintiff Fu that if Plaintiff Fu agrees to work for the restaurant, "the boss" will book Plaintiff Fu an airplane ticket "right away." Later, Plaintiff Fu took the flight that Defendants paid and started working at the restaurant.

45.    While employed by Defendants, Plaintiff Fu was not exempted under the federal and state laws requiring employers to pay employees' overtime.

46.    During her employment with the Defendants, Plaintiff Fu worked for six days with Tuesday off. Her job duties include making bao buns and other pastry dishes. Her work schedule was typically from around 9:30 am to 10:00 pm without an uninterrupted lunch break.

47.    Plaintiff Fu only get paid once by check and some cash.

48.    Upon information and belief, even though the Defendants promised to pay for Plaintiff Fu's flight ticket from California to Oregon when she was hired, the expense of the

flight ticket was deducted from Plaintiff Fu's last payment.

49.    Defendants did not provide Plaintiff Fu with an itemized statement of amount detailing the salary information when paying Plaintiff Fu.

50.    Plaintiff Fu was not required to punch timecards or otherwise to track his work hours.

***Plaintiff Chen Li***

51.    Plaintiff Chen Li worked for Defendants from July 11, 2019, to January 20, 2020, as a cook in the wok/frying department.

52.    While employed by Defendants, Plaintiff Chen Li was not exempted under the federal and state laws requiring employers to pay employees' overtime.

53.    During his employment with the Defendants, he worked six days per week with Tuesday off. His work schedule typically starts from 9:50 am to around 9:30 pm. Plaintiff Chen Li had an uninterrupted break from 3:00 pm to 4:00 pm every day he worked.

54.    Plaintiff Chen Li was paid twice per month on every 15th and the 1st of the month. He was paid $4,000 on July 11, 2019, part in cash and part in check. On each pay day, he would be paid $1,000 by check and $1,000 in cash. Since September 11, 2019, Plaintiff Chen Li's monthly salary increased to $4,500 per month. On each pay day, he would be paid $1,250 by check and $1,000 in cash.

55.    Defendants did not provide Plaintiff Chen Li with an itemized statement of amount detailing the salary information when paying Plaintiff Chen Li.

56.    Plaintiff Chen Li was not required to punch timecards or otherwise to track his work hours.

***Plaintiff Jiyou Cao***

57.    Upon information and belief, Defendant Sam Doe hired Plaintiff Cao. Defendant Sam Doe also determined Plaintiff Cao's rate of pay.

58.    Plaintiff Cao worked for Defendants from November 2017 to June 2019.

59.     Plaintiff Cao worked six days per week with Tuesday off. His work schedule typically starts from 9:30 am to around 10:00 pm. His job duties include making bao buns and other pastry dishes.

60.     Plaintiff Cao was paid $2,000 per month in 2017. His salary increased to $2,400 per month since March or April 2018, and then increased to $2,800 per month since June or July 2018, and further increased to $3,000 per month in June or July 2019.

61.     Plaintiff Cao was paid bi-weekly, no later than 18th and 5th of the month.

62.     Defendants did not provide Plaintiff Cao with an itemized statement of amount detailing the salary information when paying Plaintiff Cao.

63.     Plaintiff Cao was not required to punch timecards or otherwise to track his work hours.

## COLLECTIVE ACTION ALLEGATIONS

64.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than 100 Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

65.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of

employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

66.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

67.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

68.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

    A. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    B. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    C. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

69.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

Page 10 – **COMPLAINT**

70.    Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

71.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

72.    As alleged herein, Defendants willfully failed to pay Plaintiffs and similarly situated current and former employees all wages when due, whether during employment or upon termination thereby violating ORS 652.120 and/or ORS 652.140 and giving rise a claim for a penalty under ORS 652.150.

73.    Plaintiffs and similarly situated current and former employees are also owed their unpaid wages that were earned but not paid when due, whether during employment or upon termination.

74.    The wages earned but not paid include, but are not limited to, the hourly wages due resulting from Defendants' failure to compensate Plaintiffs and other similarly situated employees for all hours worked pursuant to Or. Rev. Stat. § 653.025, overtime pay pursuant to Or. Rev. Stat. § 653.261, failure to keep accurate records pursuant to Or. Rev. Stat. § 653.045.

75.    Plaintiffs bring this class action, for violations of Oregon Wage and Hour Laws, pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of themselves and the following class of persons: All current and former nonexempt employees of Defendants (the "Oregon Wage Class").

76.    As a result of Defendants' willful failure to pay Plaintiffs and the Oregon Wage Class all wages when due, Defendants are liable to Plaintiffs and each member of Oregon Wage Class for a penalty to be computed in accordance with ORS 652.150.

77.    Defendants also liable for the hourly wages due resulting from Defendants' failure to compensate Plaintiffs and other similarly situated employees for all hours worked pursuant to Or. Rev. Stat. § 653.025, overtime pay pursuant to Or. Rev. Stat. § 653.261, failure to keep accurate records pursuant to Or. Rev. Stat. § 653.045.

78.    By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiffs and the similarly situated current and former employees have suffered damages and have also incurred costs and reasonable attorneys' fees.

79.    All members of the Oregon Wage Class who do not opt out may pursue the Oregon state law claim if that claim is certified for class-wide treatment.

80.    Plaintiffs' state law claim satisfies the Fed. R. Civ. P. 23(a) class action prerequisites of numerosity of members, commonality of questions of law and fact, typicality of class claims, and fair and adequate representation of class member interests.

81.    **Numerosity** (Fed. R. Civ. P 23(a)(1)): The Oregon Wage Class satisfies the numerosity standards. The Oregon Wage Class is believed to be in excess of 40 people. As a result, joinder of all Oregon Wage Class members in a single action is impracticable. The precise number of Oregon Wage Class members and their identities and contact information are unknown to Plaintiffs but can be easily ascertained from Defendants' records. Oregon Wage Class members may be notified of the pendency of the action by first-class mail.

82.    **Commonality** (Fed. R. Civ. P 23(a)(2)): Questions of law and fact common to the Oregon Wage Class predominate over any questions affecting only individual members. All Oregon Wage Class members were subject to the same wage and hour practices that resulted in the failure to pay wages when due. Thus, all Oregon Wage Class Members have been paid incorrectly in a similar manner, and all Oregon Wage Class members are owed additional compensation.

1.    Common questions of fact include but are not limited to:

(a) whether Defendants' policy and practice of failing to take into account the actual number of hours worked when computing compensation resulted in underpayment of wages and compensation;

(b) whether Defendants acted willfully in failing to pay the correct amount of compensation when due;

(c) whether Defendants acted witfully in failing to pay the overtime compensation to Plaintiffs.

2.      Common questions of law exist regarding:

(a) whether Defendants paid overtime wages when due in accordance with Oregon Wage and Hour Law, ORS Chapters 652;

(b) whether such actions were willful; and

(c) whether former employees are owed penalties under ORS 652.

83.     The common issues predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the Oregon state law claims.

84.     **Typicality** (Fed. R. Civ. P. 23(a)(3)): Plaintiffs' claim is typical of Oregon Wage Class members' claims because:

a. Plaintiffs and the Oregon Wage Class members were subject to the same wage and hour policies and were affected in the same manner by those policies;

b. Plaintiffs, together with all of the Oregon Wage Class members, did not receive all wages when due;

c. Plaintiffs, together with all of the Oregon Wage Class members, is owed a penalty computed according to ORS 652.150;

d. Plaintiffs' claim is based on the same legal and remedial theories as those of the Oregon Wage Class and have similar factual circumstances; and

e. Plaintiffs have suffered the same or similar injury, as did members of the Oregon Wage Class.

85.     **Adequacy of Plaintiff's Representation** (Fed. R. Civ. P. 23(a)(4)): Plaintiffs will fairly and adequately represent and protect the interests of the Oregon Wage Class because:

a. There is no conflict between Plaintiffs' claim and the claims of the Oregon Wage Class.

b. Plaintiffs have retained counsel who are skilled and experienced, who specialize in wage and hour cases, and who will vigorously prosecute the litigation;

c. Plaintiffs' claim is typical of the claims of the Oregon Wage Class members; and

d. Plaintiffs and their counsel will fairly and adequately protect the interests of the Oregon Wage Class members.

86.    A class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

a. There is minimal interest of members of the Oregon Wage Class in individually controlling their prosecution of claims under Oregon Wage and Hour Laws;

b. It is desirable to concentrate the litigation of these claims in this forum; and

c. There are no unusual difficulties likely to be encountered in the management of this case as a class action.

87.    The presentation of separate actions by individual Oregon Wage Class members creates the risk of inconsistent and varying adjudications and may establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of Oregon Wage Class members to protect their interests.

88.    In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of wrongful violations of Oregon Wage and Hour Laws.

89.    Defendants are liable to Plaintiffs and the Oregon Wage Class for their actual damages plus an ORS 652.150 penalty for violations of ORS 652.140.

Page 14 – **COMPLAINT**

90.    Defendants violated ORS 652.150 when it failed to pay Plaintiff and all other similarly situated employees all wages due on a regular payday and upon termination of employment.

91.    Plaintiffs and the Oregon Wage Class have been damaged by Defendant's violations of Oregon Wage and Hour Laws and are entitled to their actual damages, penalty wages pursuant to ORS 652.150, and pre-judgment interest, in amounts to be determined by the jury.

## STATE OF CLAIMS

### COUNT I

### [Violations of the Fair Labor Standards Act—Minimum Wage

### Brought on behalf of the Plaintiff and the FLSA Collective]

92.    Plaintiffs re-allege and incorporate by reference by all preceding paragraphs as though fully set forth herein.

93.    At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the prod production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

94.    At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

95.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

96.    The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

97.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

Page 15 – **COMPLAINT**

98.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

99.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II

### [Violations of the Fair Labor Standards Act—Overtime Wage

### Brought on behalf of the Plaintiff and the FLSA Collective]

100.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

101.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

102.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

103.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime premiums violated the FLSA.

104.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C.

Page 16 – **COMPLAINT**

§§207(a)(1) and 215(a).

105.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

106.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

107.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT III

### [Violation of Oregon Wage and Hour laws (FRCP 23 Class)]

108.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

109.    It is unlawful under Oregon law for an employer to require or permit an employee to work without paying compensation for all hours worked.

110.    It is unlawful under Oregon law for an employer to require or permit a non-exempt employee to work in excess of 40 hours per week without paying overtime.

111.    It is unlawful under Oregon law for an employer to make deductions from employee wages unless permitted under one of the enumerated exceptions in Or. Rev. Stat. § 652.610(3). None of the exceptions are applicable to the deductions made by Defendants.

112.    Defendants, through their policies and practices described above, willfully violated Oregon Wage and Hour laws throughout the statutory period, and continuing through the present, as follows:

(a) By failing to pay Plaintiff and other members of the Rule 23 Class their earned

wages for all hours worked, in violation of Or. Rev. Stat. § 653.025 and Or. Admin. R. § 839-020-0004(20);

(b) By failing to pay Plaintiffs and other members of the Rule 23 Class their earned wages for all hours worked upon their termination, in violation of Or. Rev. Stat. § 652.140;

(c) By failing to pay the Plaintiffs and other members of the Rule 23 Class overtime pay, in violation of Or. Rev. Stat. § 653.261 and Or. Admin. R. § 839-020-0030(1);

(d) By making deductions from wages in violation of Or. Rev. Stat. § 652.610;

(e) By failing to make, keep, and preserve accurate time records with respect to Plaintiff and other members of the Rule 23 Class sufficient to determine their wages and hours in violation of Or. Rev. Stat. § 653.045;

(f) By failing to pay Plaintiffs unpaid wages that are due in violation of Or. Rev. Stat. § 652.120;

(g) By providing to Plaintiff Hongjiang Li a bounced check in violation of Or. Rev. Stat. § 30. 701, Or. Rev. Stat. § 652. 110, and Or. Rev. Stat. § 652.195 ; and

(h) By other practices in violation of Oregon wage and hour laws.

113.   Defendants' actions, described above, constitute continuing willful violations of Oregon wage and hour laws.

114.   As set forth above, Plaintiffs and other members of the Rule 23 Class have sustained losses in compensation as a proximate result of Defendants' violations of Oregon wage and hour laws.

115.   Accordingly, Plaintiffs, on behalf of themselves and the Rule 23 Class members, seeks damages in the amount of their unpaid earned compensation, plus penalty wages damages, as provided by Oregon wage and hour laws.

116.   Plaintiffs, on behalf of themselves and Rule 23 Class members, seeks recovery of

his attorneys' fees and costs, as provided by Or. Rev. Stat. § 652.220.

## COUNT IV

## [Unjust Enrichment/Quantum Meruit (FRCP 23 Class)]

117.    Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

118.    By failing to maintain accurate records of all hours worked by Plaintiffs and Class members, and by improperly requiring Plaintiffs and Class members to pay their own airplane tickets, Defendants has been unjustly enriched.

119.    Plaintiffs and Class members are entitled to restitution of all of the business expenses they were illegally required by Defendants to bear and for the fair value of the services they provided as employees.

## DEMAND FOR JURY TRIAL

120.    Plaintiffs request a jury trial on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs individually, and on behalf of all other similarly situated, prays for the following relief:

1.  An order certifying the Class as described with the named Plaintiffs as Class representative;

2.  An order requiring Defendants to reimburse or indemnify Plaintiffs and Class members for the Defendants' business expenses that they have covered or that have been deducted, or statutory damages of $200 for each violation, whichever is greater;

3.  An award of damages to compensate Plaintiffs and Class Members for unpaid wages, including overtime wages;

4.  An award of all applicable penalty wages;

5.  An award of attorneys' fees, plus the costs and expenses of this action;

6.  An award of punitive damages in an amount to be determined at trial;

7. Pre- and post-judgment interest, as afforded by law;

8. An order prohibiting Defendants from engaging in the unlawful business practices and behavior and from retaliating against Plaintiffs for bringing this lawsuit; and

9. All such other legal and equitable relief to which Plaintiffs and Class Members are entitled.

Dated this 16th day of May, 2022.

CHENOWETH LAW GROUP, PC

  *s/ Aurelia Erickson*
Aurelia Erickson, OSB #126170
Kelsey Peddie, OSB #184245
510 SW Fifth Avenue, 4th Floor
Portland, OR  97204
Phone: (503) 221-7958
Fax:  (503) 221-2182
Email: aerickson@chenowethlaw.com
Email: kpeddie@chenowethlaw.com
*Attorneys for Plaintiffs*

Of Counsel:
Richard Qu, PHV admission forthcoming
Jian Hang, PHV Admission forthcoming
Hang & Associates, PLLC
136-20 38th Ave., Ste. 10G
Flushing, New York 11354

Page 20 – **COMPLAINT**